Peabsoh, C. J.
 

 Assuming that it was the purpose of Williamson to abscond with an intent to defraud his creditors, in which sense the word “ leave” is used in the statement of the case, and, that the defendant knew of this intention, the plaintiff "was entitled to the instruction,' that the fact of his going with him to the depot, together with the fact of his bringing back his horse, amounted to “.aiding and assisting” him to “ remove,” within the meaning of the statute, and the error in refusing to give this instruction, is not cured by the general instruction given, instead of it. Indeed, the effect of the general instruction was nullified by such refusal, and by the reference, which was made to the circumstance that the horse,.
 
 *142
 
 after being brought bach, could have been attached by creditors.
 

 Ve are led to this conclusion, by the principles to be deduced from
 
 Godsey
 
 v. Bason, 8 Ire. Rep. 264;
 
 Wiley
 
 v.
 
 McRee,
 
 2 Jones’ Rep. 349;
 
 Moore
 
 v.
 
 Rogers,
 
 3 Jones’ Rep. 90. “The statute is remedial, for the prevention of frauds on creditors, and is entitled to a liberal interpretation.” “
 
 Aid or assistance,
 
 is the doing of some act,, whereby the party is enabled, or it is made easier for him to do the principal act, or effect some primary purpose.” In our case, the two acts of going with the debtor to the depot, and bringing back his horse, made it easier for him to abscond and leave the country secretly, so as not to attract the attention of his creditors, by giving to the movement the appearance of the ordinary act of a gentleman, who is going to market to sell his cotton.
 

 Going with him to the depot, aided the purpose in two ways ; it lulled suspicion, and it nerved and encouraged the debtor, so as to enable him to act his part. “ Conscience doth make cowards of us all,” and the presence of a friend may have been necessary to assist him in keeping up the appearance of an honest man. If one is about to commit an assault, the mere presence of a friend gives courage, and helps him on to do the act. So, if one is about to cross a dangerous ford, the fact that a friend crosses with him, is of essential as- - sistance, although he does not guide or help in any way, save by his presence. These are principles, grounded in human nature, and reference must be had to them, in order to determine what acts of one will aid or assist another.
 

 Carrying back the horse, aided the debtor. It served the purpose by covering his escape. Suppose the horse had been left standing at the rack after the debtor had started off on the freight train, suspicion would have been aroused, and a hot pursuit might have intercepted him while making sale of his cotton in Columbia. This consequence was averted by the act of taking back the horse ; and in this connection, the fact that the defendant, after he got back to the house of the debtor, falsely announced, both on that and the succeeding
 
 *143
 
 day, that
 
 “
 
 he was expecting him to return,” ought to hare had a significant bearing.
 
 Venire de novo.
 

 Pee CubiaM, Judgment reversed.